LIPSON NEILSON P.C.
JOSEPH P. GARIN, ESQ.
Nevada Bar No. 6653
9900 Covington Cross Drive, Suite 120
Las Vegas, Nevada 89144
Phone: (702) 382-1500
Fax: (702) 382-1512
jgarin@lipsonneilson.com

*Attorneys for Defendant Pension Benefit Information, LLC*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| TERRI CAMPBELL, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br>  vs.<br><br>PENSION BENEFIT INFORMATION, LLC; DOES 1 through 20, inclusive,<br><br>    Defendants. | Case No:<br><br>**PETITION FOR REMOVAL PURSUANT TO 28 U.S.C. §§ 1441 AND 1453** |

**TO ALL PLAINTIFFS AND THEIR ATTORNEYS OF RECORD AND TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA:**

**PLEASE TAKE NOTICE** that Defendant Pension Benefit Information, LLC ("PBI"), hereby removes to this Court the state action captioned *Terri Campbell, individually and on behalf of all others similarly situated v. Pension Benefit Information, LLC, and Does 1 through 20, inclusive*, Case No. A-23-876242-C, filed in the Eighth Judicial District Court, Clark County, Nevada, pursuant to 28 U.S.C. §§ 1441(a) and 1453(b).

**I.    BACKGROUND**

1.    On August 18, 2023, Plaintiff Terri Campbell ("Plaintiff") filed the complaint in this action against PBI in the Eighth Judicial District Court, Clark County, Nevada ("Complaint"). A copy of the Complaint is attached as **Exhibit A** to this Notice.

2.    According to the Complaint, Plaintiff is a Nevada resident.

3.       PBI is a limited liability company. Its sole member is organized under the laws of Delaware with a principal place of business is in Minnesota.[1] Complaint, ¶ 13.

4.       In the Complaint, Plaintiff alleges that PBI "failed to safeguard the confidential personal identifying information of Plaintiff Terri Campbell...and others." *Id.* ¶ 1.

5.       Plaintiff asserts causes of action for (i) negligence; (ii) invasion of privacy by public disclosure of private facts and intrusion upon seclusion; (iii) breach of contract; and (iv) breach of implied contract. *Id.*

6.       Plaintiff seeks to represent a putative nationwide class consisting of "[a]ll persons whose sensitive personal information, including, but not limited to, names, contact and demographic information, dates of birth, social security numbers, and financial account numbers, was obtained by an unauthorized individual or individuals from Defendant during the May 29, 2023, through May 30, 2023, data breach," *Id.* ¶ 43.

7.       PBI has not filed a responsive pleading or otherwise responded to the Complaint in the state court action.

8.       This Notice of Removal is timely because it has been filed within thirty (30) days of September 13, 2022, which is the date on which PBI's counsel signed and delivered a Waiver of Service of Summons and Complaint to Plaintiff's counsel in the state court action.

9.       Removal to this Court is proper because it is the "district…embracing the place" in which the state court action is pending. 28 U.S.C. § 1441(a).

## II.     GROUNDS FOR REMOVAL

10.      Jurisdiction in this Court is appropriate under 28 U.S.C. § 1332(d), as amended by the Class Action Fairness Act of 2005 ("CAFA") because this matter involves a putative class action, and (1) a member of the class of plaintiffs is a citizen of a state different from PBI ("minimum diversity"); (2) the number of proposed class

---

[1] PBI does not concede that this Court or the state court has personal jurisdiction over it, and reserves such defense to be raised in its responsive pleading.

LIPSON NEILSON P.C.
9900 Covington Cross Drive, Suite 120, Las Vegas, Nevada 89144
Telephone: (702) 382-1500   Facsimile: (702) 382-1512

members is 100 or more; and (3) the amount in controversy as pled exceeds $5 million in the aggregate, exclusive of interest and costs. *See* 28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B), and 1332(d)(6).

11. PBI is a limited liability company with its sole member a citizen of Delaware and Minnesota. Complaint, ¶ 13, Exhibit A. PBI's citizenship is that of each of its members for the purpose of diversity jurisdiction. *See Calix v. Albertsons, LLC*, No. 2:14-cv-01392-RCJ-VCF, 2015 WL 6962856, at *1 (D. Nev. Nov. 9, 2015) (citing *Johnson v. Colombia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006)); *see also Tralmer v. Galaxy Airlines, Inc.*, 611 F. Supp. 633, 634 (D. Nev. 1985) (a corporation shall be deemed to be a citizen of any state in which it has been incorporated and where it has its principal place of business (citing 28 U.S.C. § 1332(c)).

12. Plaintiff alleges that she is a Nevada resident. *Id.* ¶ 12. Accordingly, minimum diversity is achieved because members "of a class of plaintiffs [are] citizen[s] of a State different from" PBI. *See* 28 U.S.C. § 1332(d)(2).

13. The number of proposed class members is 100 or more, as Plaintiff alleges that "[t]he putative Class is comprised of thousands of persons." Complaint, ¶ 45.

14. The amount in controversy exceeds $5 million in the aggregate, exclusive of interests and costs. Plaintiff seeks actual, economic, emotional distress, statutory, and/or nominal damages on behalf of the "thousands of persons" allegedly affected nationwide by the subject incident. Complaint, ¶¶ 10, 45. Plaintiff also seeks injunctive relief requiring PBI to provide "adequate" credit monitoring and identity theft insurance to all putative class members, and to take costly measures to institute security protocols and submit to third-party audits. *Id.*, Prayer for Relief. Plaintiff also seeks attorney's fees, which a court must include, when recoverable by statute or contract, when assessing the amount-in-controversy. *See Bruun v. Red Robin Gourmet Burgers, Inc.*,

523 F. Supp. 3d 1228, 1232 (D. Nev. 2021). Reasonable attorney's fees are recoverable in class actions, generally. *See* Fed. R. Civ. P. 23.

15. Plaintiff also alleges that the incurred or potential damages for herself and putative class members involve "los[ing] hundreds of hours…and los[ing] hundreds of dollars" each related to the subject incident. Complaint, ¶ 19. Identity theft victims can also face "substantial costs and inconvenience repairing damage to their credit records." *Id.* ¶ 20.

16. Upon filing this Notice of Removal in this Court, PBI will file a true and correct copy of the Notice with the Clerk of the Eighth Judicial District Court, Clark County, Nevada, and will give written notice to Plaintiff. *See* 28 U.S.C. § 1446(d).

DATED this 28th day of September, 2023.

LIPSON NEILSON P.C.

By: *[signature]*

JOSEPH P. GARIN, ESQ.
Nevada Bar No. 6653
9900 Covington Cross Drive, Suite 120
Las Vegas, Nevada 89144

*Attorneys for Defendant Pension Benefit Information, LLC*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 28th day of September, 2023, service of the foregoing **PETITION FOR REMOVAL PURSUANT TO 28 U.S.C. §§ 1441 AND 1453** was made upon each party in the case who is registered as an electronic case filing user pursuant to Fed. Rule Civ. P. 5(b)(3), and Local Rule 5-4, as follows:

| | |
|---|---|
| Michael Kind, Esq.<br>KIND LAW<br>8860 South Maryland Parkway, Suite 106<br>Las Vegas, NV 89123<br>mk@kindlaw.com<br><br>*Attorneys for Plaintiff* | |

*/s/ Michele Stones*
An Employee of LIPSON NEILSON P.C.

**LIPSON NEILSON P.C.**
9900 Covington Cross Drive, Suite 120, Las Vegas, Nevada 89144
Telephone: (702) 382-1500   Facsimile: (702) 382-1512

**INDEX OF EXHIBITS TO**

**PETITION FOR REMOVAL PURSUANT TO 28 U.S.C. §§ 1441 AND 1453**

**Terri Campbell v. Pension Benefit Information, LLC**

| Exhibit | Description |
|---------|-------------|
| A | Complaint |